UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS PATRICK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JOHNSTON, et al.,<br><br>　　　　Defendants. | No. 2:17-cv-0854 AC P<br><br>ORDER DISMISSING ACTION <u>WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM</u> |

I. <u>Introduction</u>

Plaintiff is a state prisoner incarcerated at Mule Creek State Prison (MCSP), under the authority of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff proceeds pro se with a First Amended Complaint (FAC) filed pursuant to 42 U.S.C. § 1983, and a request for leave to proceed in forma pauperis filed pursuant to 28 U.S.C. § 1915. Plaintiff also seeks preliminary injunctive relief.

Plaintiff has consented to the jurisdiction of the undersigned Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c) and Local Rule 305(a). <u>See</u> ECF No. 5. For the reasons that follow, the court dismisses the FAC without leave to amend for failure to state a cognizable claim, designates the dismissal a "strike" under 28 U.S.C. § 1915(g), and denies as moot plaintiff's request to proceed in forma pauperis and motion for preliminary injunctive relief.

////

II. In Forma Pauperis Application

Plaintiff has submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a). See ECF No. 2. Nevertheless, because this action will be dismissed without leave to amend, plaintiff's request to proceed in forma pauperis will be denied as moot and plaintiff will not be required to pay the filing fee.

III. Legal Standards for Screening Prisoner Civil Rights Complaint

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).

Rule 8 of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly at 555). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Iqbal at 678 (quoting Twombly at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly at 557).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

### IV. Screening of Plaintiff's Complaint

Plaintiff has filed fourteen pro se civil rights cases in the Eastern District since April 2017.[1] This court has concurrently screened each of the three cases assigned to the undersigned.[2]

#### A. The Allegations of Plaintiff's FAC

In the FAC, plaintiff names eight defendants and makes four putative claims under the Fourteenth Amendment's Equal Protection Clause, each premised on the alleged sexual harassment of plaintiff by correctional officials in March 2017. Plaintiff asserts that he is harassed because he "has a large penis [and] is not a homosexual." ECF No. 1 at 5.

Claim One alleges that on March 3, 2017, Correctional Officer Martinez conducted a cell count when plaintiff was using the toilet. Martinez allegedly looked at plaintiff's penis, walked away, exclaimed to a third party that plaintiff had the biggest penis he'd ever seen, then invited Correctional Officer Gilliam to take a look. Gilliam did so, then moved plaintiff to another cell. Plaintiff avers that he did not expose his penis to Gilliam.

Claim Two alleges that on March 4, 2017, Martinez again looked at plaintiff's penis while plaintiff was on the toilet, and again exclaimed to others. About 45 minutes later, while plaintiff was still on the toilet, Correctional Officers Martinez and Coder came by; Coder pushed a roll of toilet paper through the tray slot, which plaintiff took. About 10 minutes later, an "IEX [indecent exposure] curtain" was placed at plaintiff's cell window. Plaintiff does not know who put up the

////

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] Plaintiff's other cases assigned to the undersigned are Patrick v. Altshuler et al., Case No. 2:17-cv-1046 AC P, and Patrick v. Emerson et al., Case No. 2:17-cv-1454 AC P.

curtain and "received no kind of notification or reason as to why the IEX curtain was placed there." Id. at 6.

Claim Three alleges that on March 15, 2017, plaintiff was escorted by Correctional Officer Crozier to a CDCR 7219 (medical report of injury or unusual occurrence) examination by Psych-Tech B. Fitzgerald. Correctional Lamb was also there. Fitzgerald refused to change plaintiff's statement that his neck pain was a "10" rather than "OK." Plaintiff was then escorted to the Lieutenant's office to be interviewed by Johnston, Altshuler and Vega about an excessive force charge at another facility. Plaintiff's requests to change his statement were again refused, and the officers failed to fully videotape the interview. After plaintiff was returned to his cell, Coder opened the IEX curtain, looked at plaintiff's penis, then said he was writing him up. "Later Lt. Altshuler found Patrick guilty of IEX." Id. at 8. The remainder of this claim notes additional disciplinary actions and lock up orders against plaintiff, naming various correctional officials.

Claim Four alleges that on March 15, 2017, Correctional Officer Coder appeared at plaintiff's cell door, "opened the IEX curtain, looked in, down at plaintiff's penis and said 'I'm writing you up.'" Id. at 9. Plaintiff explained that he was using the bathroom, to no avail.

### B. Failure to State Cognizable Claim

As a general rule, allegations of verbal harassment do not state a viable claim under section 1983. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). This is true even where the verbal harassment is of a sexual nature. Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment."). "To hold that gawking, pointing, and joking violates the prohibition against cruel and unusual punishment would trivialize the objective component of the Eighth Amendment test and render it absurd." Somers v. Thurman, 109 F.3d 614, 624 (9th Cir. 1997). "We are mindful of the realities of prison life, and while we do not approve, we are 'fully aware that the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons.'" Id. at 622 (quoting Morgan v. Ward, 699 F. Supp. 1025, 1055 (N.D.N.Y. 1988)). Nor does a "mere threat" state a cause of action, even if it is "a threat to do an act prohibited by the

4

Constitution." Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (per curiam) (mere threat of bodily harm did not state cognizable civil rights claim).

Verbal harassment intended to humiliate or endanger an inmate may, on the other hand, violate the Constitution. A cognizable claim for verbal harassment may succeed if the offending comments were "gross even for a prison setting and were calculated to and did cause [plaintiff] psychological damage." Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998); cf. Burton v. Livingston, 791 F.2d 97, 100 (8th Cir. 1986) (finding Eighth Amendment claim under the alleged extreme circumstance that a correctional officer "pointed a lethal weapon at the prisoner, cocked it, and threatened him with instant death. . . . immediately after the prisoner had given testimony against another guard in a § 1983 action . . . [and] [t]he death threat was accompanied by racial epithets which strongly suggest that the prisoner would have been treated differently had he not been black").

In the present case, plaintiff alleges verbal harassment in the form of comments about his penis. These allegations do not appear to be particularly gross for a prison setting; nor do they appear intended to humiliate plaintiff. Plaintiff repeatedly alleges that he is concerned for his safety, has experienced fear, pain and the betrayal of his trust and privacy, and that defendants' conduct exhibits an abuse of power. See ECF No. 4 at 5-7, 9. However, plaintiff's factual allegations do not reasonably support these assertions. The court finds that plaintiff's allegations fail to state a cognizable claim for verbal sexual harassment.

Nor does plaintiff state a cognizable claim premised on disciplinary write-ups, RVR proceedings or housing decisions based on the (allegedly false) assessment of correctional staff that plaintiff was gratuitously exposing his genitalia. Prisoners have no constitutional right to be free from wrongfully issued disciplinary reports. See Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997), aff'd without opinion, 168 F.3d 498 (9th Cir. 1999); accord, Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) ("Sprouse's claims based on the falsity of the charges . . . do not state constitutional claims."); Freeman v. Rideout, 808 F.2d 949, 951 (2nd Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.").

For these reasons, the court finds that the FAC fails to state a cognizable claim, and that amendment would be futile. "It is not an abuse of discretion to deny leave to amend when any proposed amendment would be futile." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

### C. This Dismissal Counts as a "Strike" Under 28 U.S.C. § 1915(g)

This court further finds that the dismissal of this case constitutes a "strike" under 28 U.S.C. § 1915(g). Under this statute, if a prisoner has, on three or more occasions, brought an action or appeal "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner is precluded from proceeding in forma pauperis in case unless he demonstrates that he was "under imminent danger of serious physical injury" when he filed his complaint. 28 U.S.C. § 1915(g); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). If this showing cannot be made, the prisoner's only option for proceeding with a new action is to pay the full filing fee.

## IV. Motion for Preliminary Injunctive Relief

On August 11, 2017, three months after filing his FAC, plaintiff filed a "motion for injunction," in which he requests that "the court stop misconduct concerning RVR #2460625;" plaintiff contends that his appeal challenging the RVR was rejected on the ground that plaintiff had "exceeded the allowable number of appeals filed in a 14 day calendar period." ECF No. 6 at 1. Plaintiff also appears to seek the court's intervention in a separate challenge (a "complaint") to the "Board of Nursing" concerning the credibility of "Psych. Tech. B. Fitzgerald" in reporting on the subject RVR. Id. at 1-2. Finally, plaintiff "is requesting the court to stop mail mishandling," noting that his "quarterly package [was] returned to me four months later," with documentation. Id. at 2.

"A preliminary injunction is an 'extraordinary and drastic remedy,' 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) [] (footnotes omitted); it is never awarded as of right, Yakus v. United States, 321 U.S. 414, 440 (1944)." Munaf v. Geren, 553 U.S. 674, 689-90 (2008). "The sole purpose of a preliminary injunction is to "preserve the status quo ante litem pending a determination of the action on the merits." Sierra

Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009) (citing L.A. Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir.1980)).  Additionally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

Plaintiff's motion for preliminary injunctive relief is only tangentially related, if at all, to his putative sexual harassment claims.  Moreover, a district court may not issue preliminary injunctive relief without primary jurisdiction over the underlying cause of action, Sires v. State of Washington, 314 F.2d 883, 884 (9th Cir. 1963), or parties, Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969) (an injunction against individuals who are not parties to the action is strongly disfavored).  Because this action will be dismissed, there is no status quo to maintain pursuant to preliminary injunctive relief.  Therefore, plaintiff's motion will be denied as moot.

V.  Conclusion

Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint, ECF No. 4, is dismissed without leave to amend for failure to state a cognizable claim; this dismissal shall count as a "strike" under 28 U.S.C. § 1915(g).

2. Plaintiff's request to proceed in forma pauperis, ECF No. 2, and motion for preliminary injunctive relief, ECF No. 6, are denied as moot.

3. The Clerk of Court is directed to close this case.

SO ORDERED.

DATED: October 6, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7